UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>        v.<br><br>KACY SAPP,<br><br>                    Defendant. | Case No. 3:18-cr-00073-HDM-WGC<br>Case No. 3:20-cv-00367-HDM<br><br>ORDER |

Defendant Kacy Sapp has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 35). The government has opposed (ECF No. 39), and Sapp has replied (ECF No. 40).

Sapp was charged by way of indictment with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Pursuant to an agreement, Sapp pled guilty to the § 924(c) charge and the Hobbs Act charge was dismissed. Following entry of the judgment of conviction in this case, the U.S. Supreme Court issued a decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Sapp argues that the holding of *Davis* invalidates his conviction and he accordingly moves for relief.

1

Section 924(c) prohibits the use of a firearm during and in relation to a "crime of violence." "Crime of violence" is defined as

> an offense that is a felony and--(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is known as the "elements clause" and § 924(c)(3)(B) is known as the "residual clause." In *Davis*, the Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Thus, a crime is a crime of violence only if it satisfies the elements clause.

The predicate for Sapp's § 924(c) conviction was Hobbs Act robbery. While Sapp argues that Hobbs Act robbery does not satisfy the elements clause and is therefore not a crime of violence, binding Ninth Circuit authority forecloses his argument. Post-*Davis*, the Ninth Circuit has held that Hobbs Act robbery satisfies the elements clause and therefore remains a crime of violence for the purposes of § 924(c). *United States v. Dominguez*, 954 F.3d 1251, 1258-61 (9th Cir. 2020).[1] Accordingly, because Hobbs Act robbery is a qualifying crime of violence, Sapp's § 2255 motion is without merit and must be denied.[2]

In accordance with the foregoing, IT IS THEREFORE ORDERED that Sapp's motion to vacate, set aside, or correct sentence (ECF No. 35) is DENIED.

---

[1] Sapp acknowledges the decision in *Dominguez* but argues that it was wrongly decided. The court is not persuaded and rejects Sapp's arguments in this regard.

[2] Because the motion is plainly without merit, the court declines to address any of the other various arguments raised by the parties in their briefs.

2

1    IT IS FURTHER ORDERED that Sapp is DENIED a certificate of appealability, as jurists of reason would not find denial of the motion to be debatable or wrong.

   The Clerk of Court shall enter final judgment accordingly.

   IT IS SO ORDERED.

   DATED: This 10th day of November, 2020.

*Howard D McKibben*

UNITED STATES DISTRICT JUDGE